NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-113

COMMONWEALTH

vs.

BRUNO LOPES.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury trial, the defendant was convicted of malicious destruction of property exceeding $1,200 in value and two firearms offenses; he was found not guilty of two other charges.  This appeal concerns only the conviction for malicious destruction of property.[1]  The defendant claims error in the admission at trial of (1) a detective's identification of the defendant on surveillance videos and (2) a witness's statement that she had purchased drugs from the defendant.  We affirm.

1.  Identification.  The defendant was identified through various surveillance videos (submitted in evidence and reviewed

_____

[1] By agreement, the defendant's motion for a new trial on the firearms offenses under Commonwealth v. Guardado, 493 Mass. 1 (2023), was allowed.

by the panel) and the testimony of eyewitnesses.  He challenges Detective Dacunha's identification of him on video clips entered in evidence.

The decision to admit witness identification testimony is committed to the discretion of the trial judge.  See Commonwealth v. Pleas, 49 Mass. App. Ct. 321, 328 (2000).  Because Dacunha's identification was the subject of pretrial motion practice, the defendant's objection was preserved and we review any error under the prejudicial error standard.  Commonwealth v. Cruz, 445 Mass. 589, 591 (2005).  "This requires a two-part analysis:  (1) was there error; and (2) if so, was that error prejudicial."  Id.  "An error is not prejudicial if it 'did not influence the jury, or had but very slight effect.'"  Id., quoting Commonwealth v. Flebotte, 417 Mass. 348, 353 (1994).

"Making a determination of the identity of a person from a photograph or video image is an expression of an opinion."  Commonwealth v. Pina, 481 Mass. 413, 429 (2019).  "The general rule is that a witness's opinion concerning the identity of a person depicted in a surveillance photograph is admissible if there is some basis for concluding that the witness is more likely to correctly identify the defendant from the photograph than is the jury."  Id. at 429-430, quoting Commonwealth v.

2

Vacher, 469 Mass. 425, 441 (2014).  "Put another way, such testimony is admissible . . . when the witness possesses sufficient relevant familiarity with the defendant that the jury cannot also possess."  Pina, supra, at 430, quoting Vacher, supra.

The judge allowed the Commonwealth's motion in limine to admit Dacunha's testimony after an evidentiary hearing at which Dacunha testified.  She determined that the Commonwealth had met its burden under Pina based on Dacunha's testimony that he had "known [the defendant] for years, based upon interactions as part of his duties as a sort of a community officer and is familiar with the defendant having come into contact with him over a hundred times."

The defendant does not contest that Dacunha's long acquaintance with the defendant (including his familiarity with the defendant's voice) provided "sufficient relevant familiarity with the defendant that the jury cannot also possess," Pina, 481 Mass. at 430, quoting Vacher, 469 Mass. at 441, rendering Dacunha qualified to identify the defendant.  Rather, he asserts that the videos ("poor" and "grainy") are "hopelessly obscure" and not appropriate for an identification (citation omitted).  Pleas, 49 Mass. App. Ct. at 325.  We are not persuaded.  We focus, as did counsel, on clips in exhibit 5 (South Second

3

Street sequence).[2]  Having reviewed the relevant video, we do not agree that its quality was too poor to allow for the identification.

The video clips in the South Second Street sequence are clear.  One can read the words "school bus" on a placard on the roof of a van by which the defendant pauses to pull a light-colored shirt over his naked torso before continuing at a jog down the block.  On an earlier clip that shows the defendant walking shirtless from a driveway onto the sidewalk, the image is sufficiently clear that the defendant's pectoral muscles are visible.  Because of distance, the defendant's facial features are not easily visible, but his "body type and hairstyle" are visible, adequately supporting Dacunha's identification.

Furthermore, Dacunha's identification of the defendant in this sequence did not stand alone.  A witness who had known the

---

[2] As to the first video sequence (exhibit 2, the Monte's Park sequence), any error in admitting Dacunha's testimony was not prejudicial because other witnesses also placed the defendant at the scene.  The defendant's girlfriend testified that she was with the defendant and Aaliyah Martin on the night of the shooting, although she did not remember where they went. She identified herself getting out of a car at Monte's Park, identified her voice and Ms. Martin's voice, and tentatively identified the defendant's voice.  Ms. Martin confirmed that she was with the defendant's girlfriend at Monte's Park that night, although she did not remember whether the defendant was with them.  The defendant does not contest Dacunha's identification of the defendant's voice saying "Louie" and "Aziza" on later clips in exhibit 2.

4

defendant for "a few years" and had previously been in a romantic relationship with him described seeing him on the other side of Margin Street, making eye contact with him, then watching him cross to her side of the street. Watching a video clip from Margin Street (a few minutes after the South Second Street sequence), she identified herself and her brother and agreed that a figure that "appeared to be" the defendant crossed the street, mirroring the "scenario" she had described. We discern no prejudicial error in the admission of Dacunha's testimony.

2. Challenged testimony about drug purchases. The defendant also challenges testimony by an acquaintance that she "used to buy drugs off of him." This testimony was immediately stricken upon objection, with the judge telling the jury, "It's stricken from the record." The defendant moved for a mistrial, which was denied. We review for abuse of discretion. See Commonwealth v. Mullane, 445 Mass. 702, 711 (2006).

"A trial judge is in the best position to determine whether a mistrial, an extreme measure available to a trial judge to address error, is necessary, or whether a less drastic measure, such as a curative instruction, is adequate." Commonwealth v. Amran, 471 Mass. 354, 360 (2015). "Where a party seeks a mistrial in response to the jury's exposure to inadmissible

5

evidence, the judge may correctly rel[y] on curative instructions as an adequate means to correct any error and to remedy any prejudice to the defendant" (quotation and citations omitted).  Mullane, 445 Mass. at 711.  The jury are presumed to follow the judge's instructions and to disregard testimony that has been struck.  See Amran, supra.

In addition, before the jury began hearing evidence, the judge had explained what it meant when she struck testimony, instructing that they were to "disregard that question and . . . not speculate as to what the answer might have been."  The judge reiterated this charge in her closing instructions, telling the jury that any testimony as to which she sustained an objection or ordered struck was "not evidence and must not be considered by you.  It's as if the testimony was never given and it must play no part whatsoever in your deliberations."  Although she did not give an immediate limiting instruction after striking the testimony, in the absence of a request from counsel, no more was required.  See Commonwealth v. Teixeira, 486 Mass. 617, 629 n.7 (2021).  This case is not like those cited by the defendant in which a jury instruction was inadequate to counter prejudice resulting from inadmissible evidence.  The challenged witness testimony was a single line, immediately struck, and unrelated

6

to the criminal charges against the defendant.  We perceive no error.

> Judgment of conviction of
>   malicious destruction of
>   property affirmed.
>
> By the Court (Massing,
>   Hershfang & Tan, JJ.[3]),
>
> *Paul Little*
>
> Clerk

Entered:  August 11, 2025.

---

[3] The panelists are listed in order of seniority.